# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL LEBEDA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| | ) | |
| **AUDUBON FINANCIAL GROUP, LLC;** | ) | |
| **and** | ) | |
| **DOE 1-5** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

_____

## COMPLAINT
### (Jury Trial Demanded)

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in collection efforts against Plaintiff while Plaintiff so resided.

## PARTIES

3.     Plaintiff, Michael Lebeda (hereinafter "Plaintiff" or "Mr. Lebeda"), is a natural person residing in Cresthill, Illinois.  Defendant, AUDUBON FINANCIAL GROUP, LLC, is a limited liability company believed to maintain its principle place of business at One John James Audubon Parkway in Amherst, NY.

4.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.      AUDUBON FINANCIAL GROUP, LLC and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.      Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.


## FACTUAL ALLEGATIONS

7.      On August 3, 2011, Defendants began contacting Mr. Lebeda in an attempt to collect a consumer debt allegedly owed by Mr. Lebeda.

8.      Defendants failed to provide Mr. Lebeda with debt validation information pursuant to 15 U.S.C. 1692g.

9.      On August 3, 2011, Defendants left a voice mail message for Mr. Lebeda, the content of which is as follows: "Hi, this message is intended for Michael Lebeda.  This is Ms.

Devine with Audubon Financial Bureau. I am attempting to contact you Michael with regards to a series of complaints and allegations that are here in my office. They are being prepared to be filed out in Florida to Will County. Um, as a direct result of this some paperwork is scheduled to be issued to your employer and your residence. However, I can assure a 72-hour stay on this matter. This gives you an opportunity to find out the exact nature of this case and what actions are necessary to rectify it on a voluntary basis. I can be reached at (877)495-8940 ext 118."

10.     Gravely concerned about the content of Defendants' message, Mr. Lebeda had his attorney Mr. Amador contact Defendants.

11.      On August 3, 2011, Mr. Amador contacted Defendants and spoke with Olivia Stevens. Mr. Amador notified Defendants that Mr. Lebeda was represented by counsel and provided his contact information. Ms. Stevens requested a letter of representation prior to discussing the alleged debt. While on the phone with Ms. Stevens, Mr. Amador faxed a letter of representation to Defendants. After receiving the fax, Ms. Stevens then discussed the alleged debt. Ms. Stevens informed Mr. Amador that no litigation was pending with regards to the collection action.

12.     Mr. Amador contacted various applicable courts to confirm that no litigation was pending against Mr. Lebeda. No related litigation was found to be pending.

13.     On August 11, 2011, Defendants called Mr. Lebeda and left a message requesting a return call.

14.     The collection activities alleged herein, particularly the threats to send the matter to the police, caused Mr. Lebeda to suffer emotional distress. Mr. Lebeda suffered from anxiety and fear at the prospect of being served at his place of employment.

15.     As a direct result of the collection activity herein alleged, Mr. Lebeda incurred legal fees of $2,255.00.

## CAUSES OF ACTION

### COUNT I

16.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692g with regards to Plaintiff as follows: Defendants continued in their collection efforts after failing to send Plaintiff debt validation information within 5-days of their initial contact with Plaintiff.

### COUNT II

17.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) and 1692(e)11 with regards to Plaintiff as follows: In their messages to Plaintiff, Defendants failed to state that the calls were from a collection company and being made in an attempt to collect a debt.

### COUNT III

18.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d and 1692e, particularly subsections 1692e(5) and 1692e(10), with regards to Plaintiff as follows: Defendants

misrepresented and threatened Plaintiff that the matter of his debt was actually being litigated and that he would be served with legal process.

## COUNT IV

19.    Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692f with regards to Plaintiff as follows: Defendants misrepresented and threatened Plaintiff that the matter of his debt was actually being litigated and that he would be served with legal process.

## COUNT V

20.    Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein allegesthat Defendants, and each of them, violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff as follows: In spite of actual knowledge that Plaintiff was represented by counsel, Defendants continued to contact Plaintiff directly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,255.00 for legal costs in responding to unlawful collection activity;

3.) For actual damages of $5,000.00 for emotional distress;

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

6.) For the costs of this lawsuit; and

7.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date:  August 2, 2012

_____

ROBERT AMADOR, ESQ.
Attorney for Plaintiff MICHAEL LEBEDA
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com